IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DEAN WASHBURN,

      Plaintiff,

      v.                                                    CASE NO. 26-3021-JWL

TINA MILLER,

      Defendant.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Allen Dean Washburn is hereby required to show good cause, in writing to the undersigned, why this matter should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I. Nature of the Matter before the Court

Plaintiff filed this action on January 13, 2026, in the District Court of Saline County, Kansas. (Doc. 1–2.) The matter was removed to this Court on February 6, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ").

Plaintiff names Tina Miller as the sole defendant, and claims that she is in charge of the SCJ and responsible for the outcome of his civil rights complaints. (Doc. 1–2, at 1.) Plaintiff alleges that his civil rights are being violated in three areas: 1) he claims that the SCJ's refusal to give enough indigent legal supplies causes delays and restricts his due process rights; 2) the "medical provider" will not make adjustments to his Suboxone for Substance Abuse Treatment or allow him access to a provider that will make adjustments; and 3) Plaintiff was falsely accused of taking a marker, did not receive a disciplinary hearing, and Sgt. Miller acted as "Judge, Jury, and

1

executioner" giving Plaintiff no say and failing to allow him to defend himself. *Id*. at 1–2. Plaintiff alleges that as punishment he is not allowed to attend church, bible study, or any activities involving religion. *Id*. at 2. Plaintiff alleges that his religious diet was taken away "for no reason," he was told that if he pursues more requests or grievances he would be placed in segregation, and they told him they are not required to let him go to religious activities. *Id*.

Plaintiff seeks $300,000 in compensatory damages for "pain and suffering and mental anguish," to have Sgt. Miller and the medical provider terminated, and "a writ of Habeas Corpus or release due to the harsh treatment." *Id*. at 3. Plaintiff has also filed a Motion for Writ of Habeas Corpus (Doc. 4), seeking release from custody. (Doc. 4, at 1.) He states that he is requesting a writ of habeas corpus and compensation for the violation of his civil rights. *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts

2

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Personal Participation

Plaintiff names Tina Miller as the sole defendant, alleging that she is in charge of the SCJ and responsible for the outcome of his civil rights complaints.  Plaintiff has failed to allege how Defendant Miller personally participated in the deprivation of his constitutional rights, and appears to rely on her supervisory status.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").   As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).   An official's liability may not be predicated solely upon a theory of respondeat superior.   *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).   A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).   "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).   Plaintiff's claims against Defendant Miller are subject to dismissal for failure to allege personal participation.

### 2. Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment."[1] *Estelle*

*v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain

---

[1] It is not clear whether plaintiff was a pretrial detainee or a convicted prisoner at the time of the events described. However, under the Due Process Clause, pretrial detainees are entitled to the same standard of medical care that the Eighth Amendment provides for convicted inmates. *Strain v. Regalado,* 977 F.3d 984, 989 (10th Cir. 2020).

a claim under § 1983).  A complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment."  *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation."); *Arriaga v. Roberts,* 803 F. App'x 222, 223 (10th Cir. Apr. 28, 2020) (prisoner's disagreement with medical judgment refusing to provide specific pain medication was insufficient to establish deliberate indifference).

Plaintiff alleges that the "medical provider" will not make adjustments to his Suboxone for Substance Abuse Treatment or allow him access to a provider that will make adjustments.  Plaintiff has not named a medical provider as a defendant.  Plaintiff has provided no supporting facts regarding what medical care he requested, when he requested it and from whom, and who allegedly

denied him medical care.   Plaintiff should provide factual support for any medical claim that he includes in an amended complaint.

Plaintiff filed a Motion to Request Treatment in his state criminal case, requesting drug treatment via telehealth zoom meetings.  *See Kansas v. Washburn*, Case No. SA-2025-CR-000715 (District Court of Saline County, Kansas).  On February 11, 2026, the state court entered an Order Authorizing Telemed Appointments.  *Id*.  It orders the SCJ to allow Plaintiff to attend appointments with Compass Behavioral Health and Dr. Chelsea Gray by zoom or other similar telemed videoconference services.  This order was entered after Plaintiff initiated this case.  Plaintiff should indicate whether or not he is still alleging a claim regarding his medical care in any amended complaint that he files.

### 3.  Indigent Supplies

Plaintiff claims that the SCJ's refusal to give enough indigent legal supplies causes delays and restricts his due process rights.  Plaintiff has failed to indicate who denied him supplies or how this has restricted his access to the courts.  *See Muhammad v. Collins*, 241 F. App'x 498, 499 (10th Cir. 2007) (unpublished) (citations omitted) ("Photocopy access is not an independent constitutional right, but exists only where necessary to the prisoner's right to seek legal redress.").

It is well-established that a prison inmate has a constitutional right of access to the courts.  However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."  *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff has not alleged that staff at the SCJ prevented him from accessing the courts or caused him actual injury. *See Collins v. Cline*, 2009 WL 1862429, at *1 (D. Kan. 2009) (finding that where plaintiff alleged that he was not provided legal indigent supplies, plaintiff identified no actual prejudice to his litigation of a non-frivolous claim, and finding that "as evidenced by the instant pleading," plaintiff was clearly able to send legal mail to the courts).

Likewise, any claim regarding access to a law library on the kiosk would require an actual injury. The right to access the courts does not guarantee inmates the right to a law library or to

legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at 350–51 (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)).  The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research."  *Id*. at 354, 360.

### 4.  Legal Mail

Plaintiff filed a supplement suggesting that legal mail was opened by Defendant Miller on one occasion.  To add claims, a plaintiff must file an amended complaint.  Furthermore,  Plaintiff does not allege that this happened more than once.  The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation."  *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)).

This Court has held that where a plaintiff has alleged merely two isolated incidents in which jail officials opened legal mail, plaintiff "must therefore show either an improper motivation by defendants or denial of access to the courts."  *Thompson v. Hooper*, No. 05-3470-JWL, 2006 WL 1128692, at *4 (D. Kan. April 25, 2006) (citing *Florence*, 23 F. App'x at 972); *see also Bagguley v. Barr*, 893 F. Supp. 967, 972 (D. Kan. 1995) ("[A]ssuming these three envelopes were opened in violation of the applicable federal regulations, such conduct, under the circumstances of this case, does not rise to the level of a constitutional violation."); *Williams v. Armstrong*, No. 12-3136-SAC, 2013 WL 812185, at *4 (D. Kan. March 5, 2013) (claim dismissed where prisoner's legal

mail was opened on one or more occasions and was explained to him as an error); *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1275 (D. Kan. 2007) (plaintiff could not show injury from alleged opening of legal mail where plaintiff did not argue interference with communication with counsel and did not show anything more than an inadvertent mistake by prison officials); *Rashaw-Bey v. Carrizales*, No. 09-3075-JAR, 2010 WL 3613953, at *8 (D. Kan. Sept. 3, 2010) (inadvertent opening of three envelopes with no allegation of deliberate conduct on part of prison officials insufficient to establish a First Amendment constitutional violation).  Because Plaintiff has not alleged improper motive or interference with access to the courts or counsel, he has failed to allege a constitutional violation.

## 5.  Access to Religious Services

"To state a valid constitutional claim, a prisoner must allege facts showing that officials substantially burdened a sincerely held religious belief." *Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021) (citing *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)).  Our Circuit has articulated the following test to determine when the government places a substantial burden on a plaintiff's free exercise of religion:

> The government substantially burdens a person's religious exercise ... when it (1) "requires participation in an activity prohibited by a sincerely held religious belief," (2) "prevents participation in conduct motivated by a sincerely held religious belief," or (3) "places substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief."

*Blair v. Raemisch*, 804 F. App'x 909, 916–17 (10th Cir. 2020) (unpublished) (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1315 (10th Cir. 2010).  In *Strope*, the Tenth Circuit reasoned as follows:

> Illustrating the distinction between substantial burden and inconvenience, we held (1) the flat denial of a halal diet with

approved meats was actionable, *id.* at 1316–20, but (2) an incident (the panel concurrence notes "sporadic incidents") in which a prisoner's meal was rendered inedible by service of prohibited items contaminating his tray was not actionable, *id*. at 1320–21; *id.* at 1325; see also *Gallagher*, 587 F.3d at 1070 (holding isolated violation of kosher restrictions did not support Free Exercise claim). We "assume[d] that as the frequency of presenting unacceptable foods increases, at some point the situation would rise to the level of a substantial burden," but that level had clearly not been reached.

*Strope v. Cummings*, 381 F. App'x 878, 881 (10th Cir. 2010) (unpublished) (citing *Abdulhaseeb*, 600 F.3d at 1321). In sum, mere inconvenience, negligence, and isolated or sporadic incidents are not sufficient to show a substantial burden.

Plaintiff claims that either religious services were denied or he was threatened with their denial while in segregation. Plaintiff fails to provide any factual allegations regarding which services he sought to participate in, when he made the request, or who denied his request. Plaintiff should add factual support for this claim in any amended complaint that he files.

### 6. Disciplinary Proceedings

It is not clear whether Plaintiff is a convicted prisoner or a pretrial detainee. "[T]he Fourteenth Amendment 'prohibits *any* punishment' of a pretrial detainee without due process." *Hubbard v. Nestor*, 830 F. App'x 574, 583 (10th Cir. 2020) (unpublished) (citing *Blackmon v. Sutton*, 734 F.3d 1237, 1241 (10th Cir. 2013); *see also Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (holding that the government may subject a pretrial detainee to restrictions and conditions of confinement without triggering procedural due process protection so long as such measures don't amount to punishment)). "[A] showing of an expressed intent to punish on the part of detention facility officials"—standing alone—is sufficient to demonstrate "the disability is imposed for the purpose of punishment." *Id*. (citing *see Bell*, 441 U.S. at 538; *see also Blackmon*, 734 F.3d at 1241). Intentionally punishing a pretrial detainee by placing him on disciplinary status

or in disciplinary segregation without giving him an opportunity to be heard violates his due process rights. *Id.*

The Government has "legitimate interests that stem from its need to manage the facility in which the individual is detained." *Bell*, 441 U.S. at 540. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment." *Id.* The Supreme Court has warned that these decisions "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id.* at 540, n.23 (citations omitted).

Plaintiff suggests that he was disciplined for taking a marker and for abusing the grievance system. Plaintiff has failed to allege whether or not he received a punishment or who was responsible. Plaintiff should add factual support in any amended complaint that he files.

### 7.  Relief

#### A.  Release from Custody

Plaintiff filed this civil rights action based on his conditions of confinement at the SCJ. He seeks compensatory damages, as well as "a writ of Habeas Corpus or release due to the harsh treatment." (Doc. 1 – 2, at 3.) Plaintiff has also filed a Motion for Writ of Habeas Corpus (Doc. 4),

seeking release from custody. (Doc. 4, at 1.) He states that he is requesting a writ of habeas corpus and compensation for the violation of his civil rights. *Id*.

However, a civil rights action and a petition for writ of habeas corpus are two separate actions, requiring two different filing fees. If Plaintiff is seeking habeas relief, he must submit a separate petition for writ of habeas corpus, rather seeking it as relief in his civil rights complaint. However, the Court may be required to abstain from addressing a petition for writ of habeas corpus.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

14

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

An online Kansas district courts records search shows that Petitioner's state criminal proceedings are ongoing. *See Kansas v. Washburn*, Case No. SA-2025-CR-000715 (District Court of Saline County, Kansas). The case was filed on November 10, 2025, and remains pending. *Id*. A response to a motion to admit evidence was filed on February 25, 2026. As set forth above, Plaintiff addressed his concerns with his medical care in his state criminal case.

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal quotations omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

If Plaintiff still seeks to pursue relief in the form of a petition for writ of habeas corpus, he

should submit a petition on the Court-approved form.  The Court will direct the Clerk to provide

Plaintiff with the Court-approved form for filing a petition under 28 U.S.C. § 2241.

### B.  Defendant's Termination

To the extent Plaintiff seeks the termination of Defendant Miller or the "medical provider"

in his request for relief, the Court is without authority to grant such relief.  *See  Nicholas v. Hunter*,

228 F. App'x 139, 141 (3rd Cir. 2007) ( "The remaining relief requested is not available as the

District Court lacks authority to order a federal investigation and prosecution of the defendants or

the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL

1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims

prevailed in this case, this Court would not, based upon this law suit, have the authority to order

the termination of the Defendant's employment or to grant Plaintiff an immediate, early release

from jail."); *Dockery v. Ferry*, No. 08-277, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008)

(finding that the court cannot issue an order which would direct a local government to terminate a

police officer's employment) (citing *In re Jones*, 28 F. App'x 133, 134 (3rd Cir. 2002) ("Jones is

not entitled to relief . . . [S]he asks this Court to prohibit the State of Delaware from filing charges

against her.  The federal courts, however, have no general power in mandamus action to compel

action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, No. 14-2743, 2014 WL

6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation,

the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not

available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO

P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the

termination of defendant's employment, "the court cannot award this form of relief to plaintiff")

(citing 18 U.S.C. § 3626(a)(1)(A)).

### 8.  Motion for Discovery

Plaintiff has filed a motion (Doc. 5) seeking discovery.  He seeks discovery of all video/audio evidence and a printout of every request, medical request, and grievance request from the jail kiosk.  (Doc. 5, at 1.)  This case has not passed screening and any request for discovery is premature.  Plaintiff's motion is denied.

### 9.  Additional Filings Prior to Removal

Plaintiff initiated this action in the District Court of Saline County, Kansas, on January 13, 2026.  On January 28, 2026, Plaintiff filed a document titled "Additional Civil Rights Violations #2 Motion" seeking to add additional violations to his Complaint.  *See* Doc. 1–2, at 7–12.  Plaintiff takes issue with another disciplinary proceeding and seeks the termination of Officer Brandt.  *Id*. at 7.  As set forth above, this is not a proper remedy.  He also claims that taking away his right to file grievances violates his Eighth Amendment rights.  *Id.* Plaintiff repeats his claims regarding indigent legal supplies and the availability of Suboxone.  *Id*. at 8.  He also claims that the temperature at the SCJ is extremely cold, he is denied use of the kiosk while in segregation, his legal mail is being returned based on a false allegation of an incorrect address, and there is a delay in receiving mental health treatment.  *Id*. at 8–10.  Plaintiff attaches exhibits, including documents regarding his disciplinary proceedings for "Abuse request/Grievance."  *Id*. at 13–17.

The Court is granting Plaintiff an opportunity to file an amended complaint.  Plaintiff should include all related claims in his amended complaint.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's claims should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To

add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (26-3021-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Writ of Habeas Corpus (Doc. 4) and Motion for Discovery (Doc. 5) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 6, 2026**, in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 6, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to provide Plaintiff with forms and instructions for filing an amended complaint under § 1983 and a petition under § 2241.

**IT IS SO ORDERED**.

**Dated March 2, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**