**FILED**
**U.S. District Court**
**District of Kansas**
06/05/2026
**Clerk, U.S. District Court**
By:_JAL_Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DEAN WASHBURN,

      **Plaintiff,**

      v.                                    CASE NO. 26-3021-JWL

TINA MILLER,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this action on January 13, 2026, in the District Court of  Saline County, Kansas.  (Doc. 1–2.)  The matter was removed to this Court on February 6, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas ("SCJ").  On June 3, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O") dismissing Plaintiff's court access claim, denying Plaintiff's request for compensatory damages, and granting Plaintiff until July 6, 2026, in which to respond to the *Martinez* Report at Doc. 11 and to address the deficiencies noted in the M&O.  The *Martinez* Report addressed Plaintiff's due process claim and claim regarding his access to religious services and religious diet at the SCJ.

The Court noted in the M&O that Plaintiff has not sought injunctive relief, and granted Plaintiff an opportunity to clarify whether or not he is seeking injunctive relief.  After the Court entered the M&O, the Interested Party submitted a Supplemental Martinez Report (Doc. 15).  The supplement indicates that Plaintiff was released from the SCJ on May 20, 2026, and therefore staff at the SCJ are unable to provide Plaintiff with any injunctive relief.  (Doc. 15, at 1–2.)

Plaintiff should also address the issue of mootness in his response to the M&O.  Because Plaintiff's request relates solely to alleged wrongdoing on the part of SCJ employees, the Court

1

would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot); *see also Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished) (holding that "RLUIPA claims regarding prison conditions become moot if the inmate plaintiff is released from custody.") (citations omitted). The mootness doctrine is based on

2

the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff.

Any claim for declaratory relief would also be moot.  "A claim for declaratory relief that does not 'settl[e] . . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot, *Rio Grande Silvery Minnow*, 601 F.3d at 1110 (quotations omitted), because it fails to 'seek[] more than a retrospective opinion that [the plaintiff] was wrongly harmed by the defendant[.]" *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011)); *see also Church v. Polis*, 2022 WL 200661, at *4 (10th Cir. Jan. 24, 2022) ("But declaratory-judgment claims become moot if circumstances change such that the defendants are not 'actually situated to have their future conduct toward the plaintiff altered by the court's declaration of rights.'") (citation omitted).

Because Plaintiff is no longer in custody at the SCJ, any claim for injunctive relief or declaratory relief would be moot and subject to dismissal.  Plaintiff should show good cause why any claim for injunctive or declaratory relief is not moot and subject to dismissal.  Plaintiff should include his response to this Memorandum and Order in his response to the M&O at Doc. 14.  The deadline for Plaintiff to respond is July 6, 2026.

 **IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **July 6, 2026,** to show good cause, in writing to the undersigned, why any request for injunctive or declaratory relief should not be denied as moot.

 **IT IS FURTHER ORDERED** that the **July 6, 2026** deadline for Plaintiff to respond to the Report at Doc. 11 and to address the deficiencies noted in the M&O at Doc. 14 remains in effect.

**IT IS SO ORDERED**.

**Dated June 5, 2026, in Kansas City, Kansas.**

                                        **S/  John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**