IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DEAN WASHBURN,

      **Plaintiff,**

      v.                                                    CASE NO. 26-3021-JWL

TINA MILLER,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this action on January 13, 2026, in the District Court of  Saline County, Kansas.  (Doc. 1–2.)  The matter was removed to this Court on February 6, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  At the time of filing, Plaintiff was in custody at the Saline County Jail in Salina, Kansas ("SCJ").  On April 6, 2026, Plaintiff submitted a Notice of Change of Address stating that he was no longer housed at the SCJ.  (Doc. 10.)  On May 11, 2026, Plaintiff filed a motion (Doc. 12) listing a return address at the SCJ.  (Doc. 12–1.)

On June 3, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O") dismissing Plaintiff's court access claim, denying Plaintiff's request for compensatory damages, and granting Plaintiff until July 6, 2026, in which to respond to the *Martinez* Report at Doc. 11 and to address the deficiencies noted in the M&O.  The *Martinez* Report addressed Plaintiff's due process claim and claim regarding his access to religious services and religious diet at the SCJ.

The Court noted in the M&O that Plaintiff has not sought injunctive relief, and granted Plaintiff an opportunity to clarify whether or not he is seeking injunctive relief.  After the Court entered the M&O, the Interested Party submitted a Supplemental Martinez Report (Doc. 15).  The supplement indicates that Plaintiff was released from the SCJ on May 20, 2026, and therefore staff at the SCJ are unable to provide Plaintiff with any injunctive relief.  (Doc. 15, at 1–2.)

1

On June 5, 2026, the Court entered a Memorandum and Order (Doc. 16) granting Plaintiff until July 6, 2026, to show good cause why any request for injunctive or declaratory relief should not be denied as moot.  The Court found that because Plaintiff is no longer in custody at the SCJ, any claim for injunctive relief or declaratory relief would be moot.  The Court ordered Plaintiff to show good cause why any claim for injunctive or declaratory relief is not moot and subject to dismissal.

The deadline for Plaintiff to show good cause as ordered in the Court's M&O at Doc. 14 and Memorandum at Doc. 16 was July 6, 2026.  Plaintiff has failed to respond by the deadline.

The Court's M&O at Doc. 14 and Memorandum and Order at Doc. 16 were returned to the Court as undeliverable.  (Docs. 17, 18.)  The orders were mailed to Plaintiff at his current address of record.  The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk of any change of address or telephone number."   D. Kan. Rule 5.1(b)(3).  The Federal Rules of Civil Procedure provide that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).  Plaintiff has failed to provide the Court with a Notice of Change of Address, and has failed to respond to the Court's orders to show cause.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

Dated July 10, 2026, in Kansas City, Kansas.

S/  John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**